United States District Court
Southern District of Texas
**ENTERED**
February 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JESUS FLORES SANTOS,** | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 5:17-cv-220 |
| **UNITED STATES OF AMERICA,** | § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

Plaintiff has repeatedly failed to comply with previous orders of this Court directing Plaintiff to make partial payment of the filing fee and to provide the Court with his current address. Therefore, the undersigned will recommend that this case be dismissed for want of prosecution.

Plaintiff commenced this lawsuit on October 16, 2017. (Dkt. No. 1). On August 17, 2018, the Court ordered Plaintiff to pay a partial filing fee of $1.06 no later than September 18, 2018. (Dkt. No. 6). The Court further admonished Plaintiff that, "Failure to comply with this Order, and any deadline, including the deadline to make the initial payment to the Clerk of Court, may result in dismissal of the action for failure to prosecute." (*Id.* at 3). Despite this warning, Plaintiff did not pay the partial filing fee as ordered. On November 14, 2018, the Court again ordered Plaintiff to pay the partial filing fee by December 13, 2018 (Dkt. No. 7), and again Plaintiff failed to do so. For a third time, on January 4, 2019, the Court ordered Plaintiff to pay the partial filing fee by February 4, 2019. (Dkt. No. 8). As before, the Court again notified Plaintiff that failure to comply may result in dismissal for failure to prosecute. (*Id.* at 2).

Additionally, it appears that Plaintiff has failed to notify the Court of a change in his address or to provide any other current contact information, leaving the Clerk without a means to

1

send him notifications or orders.  In his Complaint, Plaintiff provided his contact information as a mailing address at the Giles W. Daldy Correctional Institution in Post, Texas, where Plaintiff was an inmate. (Dkt. No. 1). In the most recent filing by Plaintiff on November 13, 2017 (Dkt. No. 4), he again reported being incarcerated at the "Giles. W. Dalby C.I." and identified his return mailing address as: 805 North Ave. F, Post, TX 79356. (*Id.*). Plaintiff has not since updated or changed his address. However, in its November 14 and January 4 Orders, the Court noted that Plaintiff's Complaint states he was due for release on December 6, 2017. (Dkt. No. 7 at 1). Plaintiff's release from custody appears to be confirmed by the recent return of mail sent by the Clerk of Court to Plaintiff which was marked "RELEASED RETURN TO SENDER." (Dkt. No. 10). Assuming Plaintiff has been released from custody, his failure to provide a current mailing address is a violation of Southern District of Texas Local Rule LR83.4, which provides:

> LR83.4. **Change of Address.** Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address. Counsel of record and pro se litigants must include in this advice the case numbers of all pending cases in which they are participants in this district.

The Court previously ordered Plaintiff to provide the Clerk of Court notice of his current address, originally by December 13, 2018 (Dkt. No. 7 at 2), and again by February 4, 2019.  (Dkt. No. 8 at 2).  As with the partial filing fee, Plaintiff has not complied.

The Court cannot proceed with Plaintiff's case if he is not willing to participate as a litigant. *See McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988) (a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order); *see also Barton v. Dietician,* No. CIV.A. H-12-1069, 2012 WL 3063904, at *4 (S.D. Tex. July 26, 2012) (finding action subject to dismissal where plaintiff did comply with the court's order to pay a filing fee).  Additionally, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to

2

the address change.'" *Feliz v. United States*, No. 7:11-CR-1638-1, 2016 WL 6581337, at *3 (S.D. Tex. Oct. 10, 2016) (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)). This requirement is reflected in the Court's local rules, which provide, "A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." S.D. Tex. L.R. 83.4. Here, Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4, despite warnings from the Court that failure to do so may result in dismissal of his claims for want of prosecution. (Dkt. No. 7, 8). Thus, this case may additionally be dismissed for failure to prosecute because Petitioner failed to provide an updated address in compliance with Local Rule 83.4. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007) (failure of a pro se litigant to notify the district court of an address change may be cause for dismissal for failure to prosecute).

Accordingly, the undersigned recommends that Plaintiff's claims be DISMISSED without prejudice and that this case be CLOSED.

## Notice of Right to Object

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after receiving service of this Report, the District Court will review *de novo* the findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Furthermore, if the parties do not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass*, 79 F.3d at 1428.

SIGNED on February 5, 2019, at Laredo, Texas.

_____
John A. Kazen
United States Magistrate Judge